{¶ 125} I write separately from the majority, simply to express my perturbation regarding the Supreme Court of Ohio's decision inCrager. While bound by its authority, *Page 28 
I frankly agree with the dissent, authored by Justice Pfeiffer, and joined by Chief Justice Moyer, that records of scientific tests, prepared in conjunction with criminal investigations, are testimonial, and implicate a defendant's rights under the Confrontation Clause when used by the state at trial. Indeed, I find the majority opinion inCrager confusing. Paragraph one of the syllabus provides: "Records of scientific tests are not `testimonial' under Crawford v. Washington
(2004), 541 U.S. 36, * * *." If that is so, and such records are merely business records, cf. Crager at ¶ 38, then no purpose is served by paragraph two of the Crager syllabus, which states: "A criminal defendant's constitutional right to confrontation is not violated when a qualified expert DNA analyst testifies at trial in place of the DNA analyst who actually conducted the testing." If records of scientific tests made in conjunction with criminal investigations are merely business records, the testimony of a records clerk should be sufficient to support their introduction at trial. And yet, the second paragraph of the Crager syllabus insists that such records be introduced by an expert qualified in the particular scientific field in question. As applied this is clearly illogical.
 {¶ 126} Conversely, it implies that for any business record in a specialized field, an expert in that field must testify for its admission, if offered for proof of the matter asserted, or the veracity of the record's content. This process does not allow a defendant to confront the creator of the record, only the custodian who will be testifying to the veracity of the record's content — and yet must be an expert in the field. Criminal defense counsel will not merely be required to retain their own expert, but also to subpoena the expert who conducted the original tests embodied in the record. It seems like a very costly and complicated way to skirt the Confrontation Clause. *Page 29 
 {¶ 127} As the majority notes, the issue of whether records of scientific tests used at trial by the state constitute business records, or whether they are testimonial, is pending before the United States Supreme Court in Melendez-Diaz, supra. I sadly note that the conundrum presented by the second paragraph of the Crager syllabus may not be reached in that decision, as petitioner has requested the court "* * * leave for another day whether or when the prosecution may comply with the Confrontation Clause by presenting forensic reports through expert witnesses who did not conduct the original analyses."Melendez-Diaz, supra, Reply Brief for Petitioner, at 26, fn. 8.
 {¶ 128} I concur. *Page 1